DANIEL B. BOUCHER ET AL., APPELLEES, v. EDMUND G. DITTMER ET AL., APPELLANTS.

38 N. W. 2d 401

Filed July 7, 1949. No. 32585.

*Towle, Young & Mattson,* for appellants.

*Michael T. McLaughlin,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is a habeas corpus action commenced in the district court for Lancaster County, Nebraska, by Daniel B. Boucher and Julia C. Boucher, husband and wife, plaintiffs, appellees here, for the purpose of having restored to them the custody and control of Harvey Boucher, their minor child now of about the age of 27 months, which child at the time of the commencement of the action was in the custody and control of Edmund G. Dittmer and Margaret Dittmer, husband and wife, defendants, appellants here.

A trial was had to the court whereupon a judgment was rendered whereby custody of the child was restored to the plaintiffs. A motion for new trial was filed which was overruled. From the judgment and the order overruling the motion for new trial the defendants have appealed.

The pertinent facts are that Julia C. Boucher, then being mentally ill, was on or about July 29, 1947, admitted to the State Hospital at Lincoln, Nebraska, where she remained until December 12, 1947, when she was released on parole. She was discharged from the hospital as cured on July 6, 1948.

Julia C. Boucher and Margaret Dittmer are sisters. By consent of the parties hereto the child in question was taken into the home of appellants where he was cared for satisfactorily and well from the date Julia C. Boucher was admitted to the hospital until he was delivered to the appellees pursuant to the decree of the district court in this action.

The appellants resisted the action of the appellees on the grounds that the home and surroundings of plaintiffs are not adequate to properly provide a suitable atmosphere and place in which at this time to place the child; that Daniel B. Boucher is temperamentally unsound and unstable in his habits of industry; and that on account of the mental condition of Julia C. Boucher it would be detrimental to the child and to Julia C. Boucher to have the child returned to the home of appellees.

There is nothing in the evidence to indicate that any detriment would flow from the mental state or condition of Julia C. Boucher. The full effect of the evidence is that her mental health has been restored. It is true that medical witnesses have testified to a possibility of a recurrence of bad mental health but no one has said that any such condition is imminent or threatened.

The legal principles on which the determination of this case must depend have been well stated in the opinions of this court. In Norval v. Zinsmaster, 57 Neb. 158, 77 N. W. 373, 73 Am. S. R. 500, it was said: "The statute and the demands of nature commit the custody of young children to their parents rather than to strangers, and the court may not deprive the parent of such custody unless it be shown that such parent is unfit to perform the duties imposed by the relation or has forfeited the right." See, also, In re Application of Schwartzkopf, 149 Neb. 460, 31 N. W. 2d 294.

In the supplemental opinion in Gorsuch v. Gorsuch, 143 Neb. 572, 10 N. W. 2d 466, 11 N. W. 2d 456, which was an action to modify a portion of a decree relating to the custody of a child, it was said: "The proper rule * * *, where the custody of minor children is involved, is that the custody of the child is to be determined by the best interests of the child, with due regard for the superior rights of fit, proper, and suitable parents. Where both parents are affirmatively found to be unfit, the custody of the child will be determined solely by

the welfare and best interests of the child. * * * But this court has never deprived a parent of the custody of a child merely because, on financial or other grounds, a stranger might better provide."

There can be no doubt from the record that the appellants are of the highest type and that during the misfortune which befell the appellees they, without hope of reward except the satisfaction which flowed from the consciousness of their good deeds, gave loving care to this helpless infant and that they are willing to so continue on the same basis. There can likewise be no doubt, because of their more improved financial status, that the future economic needs of the child could be more readily supplied by them than by the parents. Doubtless they could furnish luxuries whereas from the parents only necessities could be anticipated.

These things however are not the criteria by which such cases as this may be determined. It would not be proper to deprive these parents of the custody of their child in the absence of a sufficient showing that they are unfit to have custody of him or that they have forfeited that right. No such sufficient showing has been made.

The judgment of the district court is affirmed.

AFFIRMED.